Battle, J.
 

 The right of the petitioners to a partition of the slaves in question, depends upon the construction of the instrument executed on 10th of February, 1819, by Joab Meares to Philip Coleman, as trustee for his wife and children. The instrument is not very formal in its structure, nor altogether technical in its language, yet, we think, there is not much difficulty in ascertaining its true intent and meaning. The primary object of the grantor was to provide for his wife. The love and affection which he bore to her, and the desire to provide the better for her support and maintenance, are recited as the consideration for the conveyance, and accord
 
 *418
 
 ingly the trust is first declared and then repeated for her alone. The children are not mentioned at all until the clause of warranty is reached, and then for the first time a
 
 proviso
 
 is inserted, by which the trust is said to be for the wife and children which she then had or might thereafter have by the grantor; and then another clause is added, by which the trustee is prohibited from ever taking the slaves from the possession of the wife and children.
 

 If this limitation had been contained in a will, wTe think there could be no doubt it would be construed to give the wife an estate for life in the slaves, with a remainder to all her children as a class. See
 
 Crawford
 
 v. Trotter, 4 Madd. 362;
 
 Morse
 
 v. Morse, 2 Simons, 485. It would embrace all which were bom to her during the life of the husband, or within a competent time after her death. The strongly expressed obj ect of the testator to provide a support and maintenance for her, would make it an exception to the general rule, and would thus prevent a construction, which, by making the children tenants in common with her, would enable them, when they came of age, to demand a partition, and thus leave their mother destitute in her old age. Eor the general rule, see
 
 Moore
 
 v.
 
 Leach, 5
 
 Jones’ Rep. 88. A like construction, for the same reason, is inadmissible in the case now before us, which is the limitation of a trust. The analogy between an executory bequest, and the limitation of a trust, has been long and well established, and we must apply the same rule of construction to the latter, which it would be our duty to do to the former.
 

 The consequence is, that the petitioners having only an estate in remainder as tenants in common with their children, have no right to demand a partition wdth the tenant for life, and their petition, for that purpose, must be dismissed with costs.
 

 Pee CueiaM, Petition dismissed.